## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JACKSON HEWITT INC.,

               *Plaintiff,*

v.

LABIB BALTAGI CPA, INC., LABIB
BALTAGI, and LUCILLE BALTAGI,

               *Defendants.*

Case No. 2:13-cv-00808-SDW-MCA

**DEFAULT JUDGMENT**

The Verified Complaint and Summons in this action, having been duly served on Defendants, Labib Baltagi CPA, Inc., Labib Baltagi, and Lucille Baltagi, on February 19, 2013, and said Defendants having failed to plead or otherwise defend in this action, and default having been duly noted, and upon the annexed declarations of Arnold Janofsky dated May 10, 2013, and John F. Dienelt dated May 10, 2013, in support of default judgment;

NOW, on motion of the attorneys for the Plaintiffs, Jackson Hewitt Inc, it is on this 16th day of May, 2013:

**ORDERED and ADJUDGED** that Plaintiff's Motion for Default Judgment is hereby **GRANTED**; and it is further

**ORDERED and ADJUDGED** that Plaintiffs do recover of Defendants, jointly and severally, the sum of $641,815.95, the amount claimed including interest at the contractually agreed upon rate of 18%, with $350.90 in costs and disbursements, and attorneys' fees in the sum of $4,949.50, amount in all to the sum of $647,116.35, and it is further

**ORDERED and ADJUDGED** that beyond the date of this Order, post-judgment interest with respect to the amount claimed will continue to accrue at the contractually agreed upon rate of 18% until the Judgment is paid in full; and it is further

**ORDERED and ADJUDGED** that Plaintiffs are entitled to a permanent injunction

against Defendants on the following terms:

1.     Defendants shall immediately provide Jackson Hewitt with access to and turn over all originals and copies of client files and information including client names, addresses, telephone numbers and social security numbers on his computers from the former franchise territories.

2.     Defendants shall immediately turn over to Jackson Hewitt the originals and all copies of trade secret, confidential, and proprietary information as that term is defined in paragraph 12.3 of the franchise agreements between the parties, whether contained on paper, disk or other computer storage media for the Territories.

3.     Defendants shall immediately notify the telephone company and all listing agencies and advertising directories where the telephone numbers are listed, that Defendants no longer have the right to use any telephone numbers, listing, and advertisements used in connection with her former Jackson Hewitt franchise locations; compelling Defendants to execute appropriate documents authorizing the transfer of all such telephone numbers, listings and advertisements to Jackson Hewitt or its designee; and compelling Defendants to deliver to Jackson Hewitt a copy of such documents of transfer.

4.     Defendants, their employees, agents, independent contractors, and all those who act in concert or participation with them, are enjoined from directly or indirectly preparing or electronically filing individual income tax returns, teaching tax courses, offering Financial Products or owning, engaging in, operating, managing, purchasing, investing in (except to purchase stock in a publicly traded company listed on the national stock exchange), franchising, lending money to, leasing or subleasing to, or agreeing to sell or selling all or a majority of the assets of the franchise business or Territories to any competing tax business, as defined by the

2

franchise agreements, within the Territories, and within an area ten miles outside the boundaries of the Territories, until two years from the date of this Court's Order.

5.      Within ten days after entry of this Order, Defendants shall file with the Court and serve upon Plaintiff's counsel a written report, under oath, setting forth in detail the manner in which she has complied with this Order.

HON. SUSAN D. WIGENTON, U.S.D.J.